Electronically FILED by Superior Court of California, County of Los Angeles on 04/15/2019 11:33 PM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Vargas, Deputy Clerk

1 LEGAL EXPERTS
2 STEVEN L. KIMMEL (82085)
  17200 BURBANK BLVD., #127
3 ENCINO, CA. 91316
4 (818) 571-5456

5 Attorney For Plaintiff, MARCO ALFARO

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MARCO ALFARO, MA HOLLYWOOD, LLC, | Case No.: 19STCV13119 |
| Plaintiffs | **COMPLAINT FOR:**<br>1. (GROSS) NEGLIGENCE;<br>2. (GROSS) NEGLIGENCE via RES IPSA LOQUITER;<br>3. (GROSS) NEGLIGENCE via STRICT LIABILITY; |
| v. | 4. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; |
| AM HOME DELIVERY TRUCKING, INC., COYOTE LOGISTICS, LLC and DOES 1-20, inclusive, | 5. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;<br>6. CONSPIRACY TO PARTICIPATE IN RACKETEERING; |
| Defendants. | VIOLATION OF **RICO ACT under 18 USC, Sec. 1962 (d);**<br>7. FRAUD **by Concealment.**<br>8. FRAUD by Misrepresentation |

COME NOW, Plaintiffs, MARCO ALFARO (Hereinafter referred to as "Alfaro") an individual, and MA HOLLYWOOD, LLC (Hereinafter referred to as "MA"), a California Limited Liability Partnership, by and through their attorney of record, STEVEN L. KIMMEL, and as their Complaint against Defendants AM HOME DELIVERY TRUCKING, INC.(Hereinafter referred to as "AM"), a California corporation, and COYOTE LOGISTICS, LLC (Hereinafter referred to

1

as "Coyote"), a California Limited Liability Partnership, and DOES 1 to 20, inclusive, allege as follows:

## JURISDICTION

1. Plaintiff, MARCO ALFARO (Alfaro), is an individual and is now, and at all times mentioned in this complaint was, a resident of Los Angeles County, California.

2. Plaintiff, MA HOLLYWOOD, LLC (MA), is a Limited Liability Company, organized and existing under the laws of the State of California, with it's principal place of business in Los Angeles County, California, and is wholly owned and operated by Alfaro.

3. Defendant, AM HOME DELIVERY TRUCKING, INC. (AM) is now, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of the State of California, with it's place of business in Los Angeles County, California.

4. Defendant, COYOTE LOGISTICS, LLC (COYOTE) is now, and at all times mentioned in this complaint was a Limited Liability Company, organized and existing under the laws of the State of California, with it's place of business in Los Angeles, California.

5. Plaintiff does not know the true names of defendants DOES 1 through 20, inclusive, and therefore sues them by those fictitious names. Plaintiffs are in informed and believe, and on the basis of that information and belief alleges, that each of those defendants were in some manner negligently and proximately responsible for the events and happenings alleged in this complaint and for plaintiffs' injuries and damages. The plaintiffs will ask leave of court to amend this complaint to insert the true names and capacities of said Defendants, DOES 1 -20, inclusive, when the same have been ascertained by plaintiffs, together with appropriate charging allegations, and to join said Defendants in the action.

6. Plaintiffs are informed and believe, and on the basis of that information and belief allege, that at all times mentioned in this complaint, defendants were the agents and employees of their co-defendants, and in doing the things alleged in this complaint were acting within the course and scope of that agency and employment.

## GENERAL ALLEGATIONS

7. Plaintiffs repeat and reallege each and every foregoing paragraph set forth above and

2

- 1 -

incorporate the same by reference as though fully set forth at length herein.

8. Plaintiff, Alfaro, is now and at all times mentioned, was, through his company, MA HOLLYWOOD, LLC (MA), owned, operated, possessed, maintained and drove a 2012 Freightliner Truck, with an attached trailer, which served as a container for shipping goods,. for the purpose of engaging in the business of transporting freight, goods, and or cargo for individuals and businesses who requested his services in so transporting certain freight, goods or other cargo.

9. Plaintiffs engaged the services of "Broker", Coyote, to find them employment of their services for any entity in need of their transport services. When Coyote found a willing customer of their services, "AM", Alfaro and MA signed an agreement with Coyote, which set forth the delivery and pick up schedule between Alfaro and AM, dated 10/27/2017. The goods to be transported were Appliances and Furniture, encased in boxes. The schedule set forth was as follows: **(1)** On 10/27/2017, Alfaro was to pick up said goods at the AM Location in California, specifically, located at 8200 Industry Ave. Pico Rivera, CA. 90660. **(2)** Then, on 10/31/2017, Alfaro was to deliver said goods to The AM location in Georgia, at 1424 Kelton Dr., Stone Mountain, GA. 30083, whereby AM was to re-load said trailer (hereinafter referred to as "Truck") to go to Florida **(3)** And to drop off the last load to The AM Wharehouse at 1020 SW 10th Ave., Pompano Beach, Florida 33060, on 11/01/2017.

10. Alfaro was to, and in fact, did relinquish all control as to the method and manner in which all said goods were loaded and unloaded from his truck. It was Defendant AM, and DOES 1-20 who had full control said loading and unloading. Furthermore, said goods were hidden from Alfaro's view in that they were all packed in, and hidden in, large wooden boxes.

## FIRST CAUSE OF ACTION
## {GROSS} NEGLIGENCE

11. Plaintiff repeats and realleges each and every foregoing paragraphs 1 through 10, set forth above and incorporates the same by reference as though fully set forth at length herein.

12. At his first stop at Defendant AM in Pico Rivera, California, with his truck being completely empty, said defendant's employees and agents loaded Plaintiff's truck with said goods, outside of

3

- 1 -

plaintiff's view and perception as to the specific goods being loaded.

13. Said defendants and each of them owed plaintiff a duty to not load anything else on said truck besides the agreed appliances and furniture, and certainly not any contraband, nor anything illegal, nor anything else which would subject plaintiff to the commission of a crime, or to put him in a precarious position of danger of any kind.

14. While on his way to and just before his second stop in Georgia, while in Georgia, plaintiff had to pass a weigh station. He was not required to stop, according to indicator in his vehicle. However, he was pulled over by the authorities at said weigh station. At said stop, the agents and/or employees of the state found a large amount of Marijuana in one one or more of the boxes of goods. Plaintiff had neither any actual or constructive knowledge of the drugs, nor did he know how they got there or where they came from. When plaintiff arrived at the AM Pico Rivera facility, his truck was completely empty, with no contents whatsoever. And the loading of said truck was out of his purview, as it was performed by defendants and their agents. Each of the boxes of goods were sealed, making it impossible for plaintiff to open any of the boxes. Thereafter, defendants sealed the doors of the truck. Plaintiff additionally had no prior contact with defendant AM, including AM in Pico Rivera, nor with any of said defendant's, agents, employees or representatives of any kind before this stop.

15. The state officials then called the police, who arrested, booked and charged plaintiff with several crimes, including, but not limited to possession of and/or dealing and/or trafficking Marijuana.

16. Defendants and each of them breached their duty to keep plaintiff safe from criminal prosecution and all other dangers concomitant with planting drugs in his truck by so planting said drugs while the loading of said truck was out of his purview and control, and by failing to supervise and monitor what defendant's agents placed in the truck prior to sealing it.

17. This conduct by defendants, their breach of duty, went far beyond breach of the ordinary standard of care. This conduct and breach of duty by defendants *was an <u>extreme departure from the ordinary standard of conduct.</u>* This goes far beyond a mere simple failure to discover a safety hazard or defect, triggering a duty to warn or make safe. This is a volitional act of

defendants who knew, or should have known would subject plaintiff to grave consequences. Defendants' conduct, a serious breach of their duty, rises to the level of **_a want of even scant care._** This takes defendants' conduct, and their concomitant breach of duty, out of the realm of simple negligence, making such conduct emblematic of "Gross Negligence."

18. Said defendants and each of them knew, or in the exercise of reasonable care should have known that the contraband planted by said defendants created an unreasonable, extreme and outrageous risk of harm to plaintiff.

19. As a direct and proximate result of defendants' gross negligence, plaintiff was arrested, booked and charged with one or more criminal charges and resulting counts.

20. As a further direct and proximate result of defendants' gross negligence, as set forth above, plaintiff sustained serious injuries and serious damages, including, but not limited to Medical expenses, Legal fees to defend his criminal case, Physical and Psychological injuries, An enormous Loss of income, Pain and suffering **and emotional distress.** The amount of which is continuing, still ongoing, and not yet be ascertainable, and plaintiff, accordingly, pleads said injuries and other damages according to proof.

21. Defendants' outrageous conduct was performed out of fraud, oppression and malice. Fraud by intentional concealment of a material fact (Loading drugs on plaintiff's truck) known to defendants with their intent to deprive plaintiff of his legal rights or otherwise cause him injury; Oppression by despicable conduct that subjected plaintiff to cruel and unjust hardship in conscious disregard of his rights; Malice by said defendants' despicable conduct, carried on with a willful and conscious disregard of the rights and safety of others. The foregoing mentioned despicable and outrageous conduct of defendants, with fraud, oppression and malice, warrants the imposition of punitive and exemplary damages.

**WHEREFORE, plaintiff prays for relief as set forth below.**

## SECOND CAUSE OF ACTION
## (GROSS) NEGLIGENCE via RES IPSA LOQUITUR

22.. Plaintiff repeats and realleges each and every foregoing paragraph set forth above, including

5

- 1 -

the foregoing paragraphs 11 through 21, and incorporate the same by reference as though fully set forth, at length, herein.

23. Defendants and each of them exercised such an extreme departure from the ordinary standard of care, grossly breaching their duty, without even a want of scant care.

At the time and date when representatives of AM in Pico Rivera loaded his completely empty truck, the following facts existed: (1) Plaintiff had no previous dealings with defendant, AM; (2) The representatives, agents and employees of said defendant, by their insistence, and, in fact did, load plaintiff's empty truck with contraband out of the perception of plaintiff; (3) Sealed each of the boxes, making it impossible for plaintiff to open any of said boxes and (4) Sealed the trailer with 2 seals, and (5) The truck, containing all of the **boxes**, travelled, uninterrupted to the **weigh station** in Georgia, where plaintiff was arrested upon discovery of the contraband placed in the trailer of plaintiff's truck by defendants and their agents.

24.. *The sudden discovery of illegal, elicit drugs loaded in one or more of the boxes of goods, when considering the aforementioned facts stated in paragraph 22, above, <u>could not possibly have occurred in the absence of someone's gross negligence.</u>*

25. The defendants and each of them, particularly the agents of AM, *had exclusive control of the loading of said truck, as well as the truck itself; completely out of plaintiff's perception, and control.*

26. *Plaintiff did nothing whatsoever, nor did he even have the ability to, cause the illicit drugs to be in said truck.*

27. As a direct and proximate result of said defendants planting said drugs, plaintiff sustained serious damages and injuries, as set forth in paragraph 20 above

Defendants' outrageous conduct was performed out of fraud, oppression and malice. Fraud by intentional concealment of a material fact (Loading elicit drugs on plaintiff's truck) known to defendants with their intent to deprive plaintiff of his legal rights or otherwise cause him injury; Oppression by despicable conduct that subjected plaintiff to cruel and unjust hardship in conscious disregard of his rights; Malice by said defendants' despicable conduct, carried on with a willful and conscious disregard of the rights and safety of others. The foregoing mentioned

6

- 1 -

despicable and outrageous conduct of defendants, with fraud, oppression and malice, warrants the imposition of punitive and exemplary damages.

WHEREFORE, Plaintiff prays for relief as set forth below..

## THIRD CAUSE OF ACTION
## (GROSS) NEGLIGENCE via STRICT LIABILITY

28. Plaintiff repeats and realleges each and every foregoing paragraph set forth above, including the foregoing paragraphs 22 through 27, and incorporate the same by reference as though fully set forth at length herein.

29. Planting illicit drugs into locked, non-accessible crates of merchandise *is an <u>ultra hazardous activity</u>, exposing plaintiff to a high probability of criminal arrest, containing therein a high probability of jail time, huge amount of lost income, the incurring of high expenses, mental and physical injury, loss of enjoyment of his life and other serious consequences.* Defendants and each of them knew, or should have known of the serious and severe exposure they were imposing on plaintiff. As previously alleged, plaintiff had no knowledge whatsoever of the drugs being placed in his truck. This ultra hazardous activity on the part of defendants and each of them, makes said defendants *strictly liable to plaintiff, as well as to any other persons, who suffers any damage as a result of the same, regardless of fault.* And all damages suffered by plaintiff were a direct result of said defendants' outrageous and ultra hazardous activity.

30. As a direct and proximate result of said defendants planting said drugs, plaintiff sustained serious damages and injuries as alleged and set forth in paragraph 20 above.

31. Defendants' outrageous conduct was performed out of fraud, oppression and malice. Fraud by intentional concealment of a material fact (Loading elicit drugs on plaintiff's truck) known to defendants with their intent to deprive plaintiff of his legal rights or otherwise cause him injury; Oppression by despicable conduct that subjected plaintiff to cruel and unjust hardship in conscious disregard of his rights; Malice by said defendants' despicable conduct, carried on with a willful and conscious disregard of the rights and safety of others. The foregoing mentioned despicable and outrageous conduct of defendants, with fraud, oppression and malice, warrants the imposition of punitive and exemplary damages.

WHEREFORE, Plaintiff prays for relief as set forth below.

//

## FOURTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL EXPRESS

32. Plaintiff repeats and realleges each and every foregoing paragraph set forth above, including the foregoing paragraphs 28 through 31, and incorporates the same by reference as though fully set forth herein.

33. Defendants, and each of them, knew that their act of surreptitiously placing illegal and illicit drugs in said truck, subjecting plaintiff to severe consequences, *making him particularly vulnerable to criminal liability with it's concomitant consequence of imprisonment resulting in the emotional distress naturally flowing therefrom.* With the facts, as stated above, that at defendants' insistence, the loading of plaintiff's truck by said defendants' employees, agents and representatives would be, and was, loaded exclusively by said defendants, outside of the perception and purview of plaintiff, followed by sealing each and every box, as well as the back of the (trailer of) the truck, containing all of the goods or merchandise in order to keep said goods or merchandise permanently out of plaintiff's access, perception and purview, *gave said defendants the sole and exclusive control of said goods or merchandise. This relationship of the parties gave defendants, and each of them, real or apparent power to affect plaintiff's interests.*

34. Based on the aforementioned stated facts, the conduct engaged in by defendants, *of which is intolerable in a civilized community, and with said defendants' blatant abuse of their power to affect plaintiff's interests by committing acts so affecting those interests, fully knowing that their conduct would likely result in harm to plaintiff due to mental distress, said defendants' conduct was Outrageous.*

35. In committing this Outrageous Conduct, defendants acted with reckless disregard of the probability that plaintiff would suffer emotional distress, knowing plaintiff was present when defendants' conduct became known. This conduct, which was unprivileged and unwanted by plaintiff, actually and proximately caused plaintiff severe emotional distress.

Defendants harmed plaintiff by their conduct causing him to suffer, and to continue to suffer,

humiliation, embarrassment, mental anguish, emotional distress, suffering, fright, horror, nervousness, grief, anxiety, worry, shock and shame. Said actions by defendants injured plaintiff's mind and body. The **emotional distress suffered by plaintiff were severe** in that an ordinary, reasonable person would be unable to cope with the mental stress engendered by the circumstances of this case. As a result of such unlawful and outrageous conduct and consequent harm, plaintiff suffered damages, according to proof.

36. Defendants' outrageous conduct proximately caused, and was a substantial factor in causing plaintiff's severe emotional distress.

37. Defendants' outrageous conduct was performed out of fraud, oppression and malice. Fraud by intentional concealment of a material fact (Loading drugs on plaintiff's truck) known to defendants with their intent to deprive plaintiff of his legal rights or otherwise cause him injury; Oppression by despicable conduct that subjected plaintiff to cruel and unjust hardship in conscious disregard of his rights; Malice by said defendants' despicable conduct, carried on with a willful and conscious disregard of the rights and safety of others. The foregoing mentioned despicable and outrageous conduct of defendants, with fraud, oppression and malice, warrants the imposition of punitive and exemplary damages.

WHEREFORE, plaintiff prays for relief as set forth below.

## FIFTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiff repeats and realleges each and every foregoing paragraph set forth above, including foregoing paragraphs 32 through 37, and incorporates the same by reference as though fully set forth at length herein.

39. In loading plaintiff's truck, defendants, and each of them, owed plaintiff a duty to load only the agreed upon appliances and furniture, and to NOT load anything else, especially contraband (elicit drugs) which said defendants knew, or should have known, would subject plaintiff to criminal culpability which most likely will subject plaintiff, an innocent person, to the horror of jail time.

40. Said defendants, and each of them, breached their duty to plaintiff by so planting said

1. contraband in his truck, unjustly subjecting him to the horrific aforementioned consequences. Plaintiff had no knowledge of the elicit drugs since they were so planted out of plaintiff's view and perception, at the insistence of said defendants, subjecting him to the consequences stated above.

41. The aforementioned breach of duty to plaintiff was the **Proximate Cause** of and was a **Substantial Factor** in the *Serious, and Severe Emotional Distress, suffered by plaintiff. Said distress by plaintiff was serious, in that an ordinary, reasonable person would be unable to cope with mental stress engendered by said defendant's negligent and wrongful behavior.*

42. As a Proximate Cause of defendant's wrongful and negligent behavior, plaintiff suffered serious emotional distress, specifically mental suffering, mental anguish, fright, horror, extreme nervousness, grief, anxiety, worry, shock, humiliation and shame.

WHEREFORE, Plaintiff prays for relief as set forth below.

<u>SIXTH CAUSE OF ACTION</u>

<u>CONSPIRACY TO PARTICIPATE IN RACKETEERING;</u>

<u>*VIOLATION OF RICO ACT under 18 USC, SEC. 1962(d)*</u>

43. Plaintiff repeats and realleges each and every foregoing paragraph set forth above, including the foregoing paragraphs 38 through 42, and incorporates the same by references as though fully set forth at length herein.

44. Defendants, and each of them, *did associate with a RICO enterprise of individuals* who were associated in fact and who engaged in, and *whose activities did affect, interstate and foreign commerce*. And all *defendants did conduct and/or participate*, either directly or indirectly, in the conduct of the *affairs of said RICO enterprise through a pattern of racketeering activity,* all in violation of 18 U.S.C., SEC. 1961 (4), (5), (9), and 1962(c).

45. *During the ten (10) calendar years* preceding the date of this complaint, defendants did cooperate jointly and severally in the *commission of two (2) or more of the Rico predicate acts* that are itemized in the RICO laws at **18 U.S.C., SEC. 1961 (1) (A) and (B)**, and did so in violation of RICO law at **18 U.S.C., SEC. 1962 (C).**

46. Defendants, and each of them, did also <u>**CONSPIRE**</u> *to acquire, maintain, conduct and*

1. participate in said RICO enterprise through a pattern of Racketeering activity, in violation of 18 USC, Sec. 1962(C), and (d).

47. During the ten (10) calendar years preceding the date of this complaint, defendants did cooperate jointly and severally in the commission of two (2) or more of the predicate acts that are itemized at 18 USC, Sec. 1961(1) (A) and (B), in violation of 18 USC 1962 (d).

48. Plaintiff further alleges that all defendants did commit two (2) or more of the offenses itemized in a manner in which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of 18 USC 1962 (d).

49. The acts of defendants, in wrongfully *engaging in two (2) or more of the predicate acts, with plaintiff being their target,* was both the Proximate Cause and the Direct Cause of all injuries and damages set forth below.

50. In exposing plaintiff to horrific consequences, defendants, and each of them acted with Fraud, Oppression and Malice, warranting the imposition of Punitive and Exemplary Damages.

51. Due to defendants and each of their RICO Act violations, Treble damages are warranted.

WHEREFORE, plaintiff prays for relief as set forth below.

## SEVENTH CAUSE OF ACTION
## FRAUD BY CONCEALMENT

52. Plaintiff repeats and realleges each and every foregoing paragraph set forth above, including the foregoing paragraphs 43 through 51, and incorporates the same by reference as though fully set forth at length herein.

53. Defendant, COYOTE, a trucking transport broker, and plaintiff, MARCO ALFARO (MA), signed a written agreement whereby said defendant, in finding plaintiff, MA, a job of transporting merchandise for defendant AM Home Delivery, which set forth a schedule where plaintiff was to pick up appliances and furniture from the AM location in Pico Rivera, CA. and make one stop at defendant AM location in Georgia where he was to unload some of the goods, and then to proceed to the last stop in Florida to unload the balance of said goods. At the AM Pico Rivera stop where plaintiff's truck was loaded, Just before loading said truck, defendant AM agents,

...this material fact would cause plaintiff to unknowingly perform an act in furtherance of their id

employees and representatives, informed plaintiff that they would take full control and responsibility for loading said truck. They told plaintiff that he did not need to stay there as they so loaded the truck with appliances and furniture. Plaintiff followed their directions, which made it impossible for him to perceive anything loaded onto the truck. After the loading, plaintiff noticed that all of the merchandise was put into large boxes and all of said boxes were sealed. Then the entire trailer of said truck was sealed by defendant's agents. Not only were the goods loaded out of his purview and perception, but due to the seals on the trailer, he was also denied any access whatsoever to any and all of everything loaded on to the truck.

53. By virtue of their business relationship, and the regulations regarding possession and transportation of goods and contraband, defendants, and each of them, owed plaintiffs a duty to NOT subject the innocent plaintiff to severe criminal liability arising from their own outrageous and despicable criminal acts. Defendants, and each of them, along with their agents, intentionally suppressed the fact from plaintiff that they were planting drugs in said truck which they were duty bound to disclose. Said defendant's providing information to plaintiff that they were loading only furniture and appliances, while intentionally omitting the fact of their loading elicit drugs, was so represented with the knowledge that it was likely to mislead said plaintiff, and in fact so intended to mislead him.

54. Not only did Defendants AM, and COYOTE and DOES 1-20, intentionally fail to disclose the fact that they were planting elicit drugs in his truck, but they intentionally prevented plaintiff from seeing said defendants load his truck; And their sealing of said boxes, and then sealing the entire trailer of said truck, denied plaintiff any access whatsoever to the merchandise. Said defendants took any modicum of control away from plaintiff, Marco Alfaro. Plaintiff alleges, on information and belief, that defendants and each of them conspired against him in order to serve their own purpose. Therefore, they not only failed to disclose that they were planting drugs on his truck, but they actively and intentionally prevented plaintiff from discovering it. That fact was exclusively known only to defendants and each of them, and was not known to plaintiff.

55. Defendants, and each of them, intended to deceive plaintiff, MARCO ALFARO (MA), by concealing the fact that they had planted the drugs in his truck. Said defendants intentionally

concealed this information from plaintiff by representing to him only a "half truth"--that they were simply loading his truck with, and he was to transport, just appliances and furniture; omitting the "full truth" of causing him to transport elicit drugs, as well. Said plaintiff had no knowledge of said illicit drugs that defendants and their agents had planted in his truck.

56. Had these intentionally hidden facts been disclosed to plaintiff, he would have behaved much differently, in that he would never agreed to transport the load and would have demanded that said defendants remove the contraband from his truck. Therefore, this information, intentionally concealed by said defendants was a material fact, essential to plaintiff's decision to perform the undertaking. Defendants, and each of them had knowledge that their concealment of this material fact would cause plaintiff to unknowingly perform an act in furtherance of their planned transport of illicit drugs, in contradiction to what plaintiff would have done had he been aware of said plan. Said defendants, and each of them, in providing said half truth to plaintiff, did so for for the purpose of concealing a vital and material fact, with the intent to cause plaintiff to rely on said half truth, causing him take an action which he would not have done had he known the full truth--that he was transporting illicit drugs. Plaintiff justifiably relied on said defendant's representations that his truck was being loaded with, and he was to transport, only furniture and appliances as defendant's outrageous action of planting and causing him to transport illicit drugs could not have, and should not have, been foreseen by a reasonable person.

57. Defendants' unlawful and horrific conduct was committed out of Fraud, Oppression and Malice, with a wanton and wilful disregard of the safety and well being of plaintiff, warranting the imposition of punitive and exemplary damages.

58. Plaintiff suffered severe injuries of both mind and body and damages as set forth in paragraph 20 above, and is alleged as fully stated herein. The full extent of his damages cannot yet be ascertained as they are still continuing are therefore alleged according to proof.

WHEREFORE, plaintiff prays for relief as set forth below.

///

## **EIGTH CAUSE OF ACTION**
## **FRAUD BY MISREPRESENTATION**

59. Plaintiff repeats and realleges each and every foregoing paragraph set forth above, including the foregoing paragraphs **52-58**, and incorporate the same by reference as though fully set forth at length, herein.

60. Defendants, and each of them, and all agents therein, represented to plaintiffs that their truck was going to be loaded with, and they were to transport, only furniture and appliances, and nothing more. When said defendants made this representation, they knew that it was false. In fact, at the time said defendants made said representation, they knew, and had actually planned to load, and cause plaintiff to transport illicit drugs, along with the furniture and appliances.

61. The foregoing misrepresentation to plaintiff was of a material fact, since if plaintiff knew or was aware, of the true facts of his truck being loaded with, and he was to transport, illicit drugs, he would not have taken and/or performed this transport, assignment or job.

62. Said defendants intended for plaintiffs to rely on the foregoing false representation in order to cause plaintiffs to perform the task of transporting illicit drugs, since if plaintiffs knew the truth, he would not have undertaken this job. And said defendants knew that if plaintiffs had knowledge of the truth, he would not have taken this job. In this way, said defendants were able to trick plaintiffs in to this undertaking.

63. Plaintiffs justifiably and reasonably relied on said defendant's misrepresentations since neither plaintiff Marco Alfaro, nor any other reasonable person, could, would or should anticipate a representation by a another company to just transport appliances and furniture, to additionally include the transport of illicit drugs.

64. Plaintiff, Marco Alfaro, suffered severe injuries of both mind and body and damages to both plaintiffs as set forth in paragraph 20 above, and is alleged as fully stated herein. The full extent of the damages cannot yet be ascertained as they are still continuing, and are therefore alleged according to proof.

65. Defendants unlawful and horrific conduct was committed out of Fraud, Oppression and Malice, with a wanton and willful disregard of the safety and well being of plaintiffs, warranting the imposition of punitive and exemplary damages.

**WHEREFORE**, plaintiffs pray for relief as set forth below.

14

- 1 -

1 ///

2 ///

3 WHEREFORE, plaintiff prays for relief on each and every cause of action as follows:

### FIRST, SECOND AND THIRD CAUSES OF ACTION
### (GROSS) NEGLIGENCE

1. Special Damages according to proof;
2. General Damages according to proof;
3. Punitive and Exemplary Damages according to proof
4. The costs of suit herein;
5. Interest accrued and/or accruing on all damages; and
6. All other damages the court may deem just.

### FOURTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1. Special Damages according to proof;
2. General Damages according to proof;
3. Punitive and Exemplary Damages according to proof;
4. The costs of suit herein.
5. Interest accrued and/or are accruing on all damages; and
6. All other damages the court may deem just.

### FIFTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

1. Special Damages according to proof;
2. General Damages according to proof;
3. The costs of suit herein;
4. Interest accrued and/or are accruing on all damages; and
5. All other damages the court may deem just.

### SIXTH CAUSE OF ACTION
### CONSPIRACY TO PARTICIPATE IN RACKETEERING (RICO ACT)

1. Special Damages, including all Actual Damages according to proof;
2. General Damages according to proof;
3. Attorney Fees and all costs;
4. Punitive and Exemplary Damages;
5. Triple of all damages (TREBLE DAMAGES) proved under the Rico Act, pursuant to 18 USC;
6. Interest accrued and/or are accruing on all damages; and
7. Costs of suit herein; and
8. All other damages the court may deem just

## SEVENTH CAUSE OF ACTION
## FRAUD BY CONCEALMENT

1. Special Damages according to proof;
2. General Damages according to proof;
3. Punitive and Exemplary Damages, according to proof;
4. Costs suit herein;
5. Interest accrued and/or are accruing on all damages; and
6. All other damages the court may deem just.

## EIGTH CAUSE OF ACTION
## FRAUD BY INTENTIONAL MISREPRESENTATION

1. Special Damages according to proof;
2. General Damages according to proof;
3. Punitive and Exemplary Damages according to proof;
4. Costs of suit herein;
5. Interest accrued and/or are accruing on all damages; and
6. All other Damages the court may deem just.

DATE: 3/26/2019

STEVEN L. KIMMEL, Attorney For Plaintiffs, MARCO ALFARO and MA HOLLYWOOD, LLC.

16

- 1 -